## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR PUBLIC INTEGRITY          |
910 17th Street, N.W., 7th Floor     |
Washington, DC 20006-2606,           |
                                     |
    Plaintiff,   |
                                     |
v.                                   |        Civil Action No. 15-1314
                                     |
U.S. DEPARTMENT OF ENERGY            |
1000 Independence Ave., S.W.         |
Washington, DC 20585,                |
                                     |
    Defendant.   |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the Center for Public Integrity ("the Center"), brings this action for declaratory and injunctive relief, alleging as follows:

### Nature of Action

1.       This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the production of certain agency records related to hospital inpatient services covered by the Medicare program.

### Jurisdiction and Venue

2.       This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 2201(a).

3.       Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### Parties

4.       Plaintiff, Center for Public Integrity, is a District of Columbia corporation, a tax-exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism

organization based in Washington, D.C. The Center's mission is "[t]o serve democracy by
revealing abuses of power, corruption and betrayal of public trust by powerful public and private
institutions, using the tools of investigative journalism." "About The Center for Public Integrity,"
http://www.publicintegrity.org/about. Plaintiff is the requester of the withheld records.

5.     Defendant U.S. Department of Energy ("DOE") is an agency of the United States.
The Department of Energy's Office of Inspector General ("OIG") and the National Nuclear
Security Administration ("NNSA") are component agencies or offices of Defendant DOE.
Defendant has possession of and control over the records that plaintiff seeks.

**Plaintiff's Freedom of Information Request**

6.     By letter dated November 12, 2014, Plaintiff requested from DOE:

- A full copy of the Report of Investigation, the Final Report, the Closing Memo,
  the Referral Letter, and the Referral Memo for Department of Energy Office of
  Inspector General investigation DOE/IG-0927.
- All records in your custody or under your control that pertain to Department of
  Energy Office of Inspector General investigation DOE/IG-0927, including but not
  limited to letters, e-mails, memoranda, reports, appointment calendars, and
  telephone call logs and any related attachments, and dated up until the date you
  process this request.

**Defendant's Processing of the Request**

7.     On June 16, 2015, OIG issued a partial determination concerning Plaintiff's
request. OIG indicated that it had found a "voluminous number of responsive documents … ." It
produced one document ("Document 1") with redactions. It stated that two additional documents
"have been forwarded to NNSA for a determination concerning their releasability." OIG stated,
"Additional responsive documents will be provided at a later date."

8.     DOE has failed to produce any records responsive to Plaintiff's request, other
than Document 1.

9.      More than twenty working days have passed since Defendant received Plaintiff's request. Plaintiff has therefore exhausted all applicable administrative remedies, with respect to requested records other than Document 1.

10.     On June 23, 2015, Plaintiff filed an administrative appeal with DOE's Office of Hearings and Appeals ("OHA"), on the grounds that the redactions in Document 1 were overly broad.

11.     On July 28, 2015, OHA issued a decision on the administrative appeal, denying it in part and remanding the matter in part to OIG.

12.     OIG has failed to produce a copy of Document 1 that includes the information OHA found in the appeals decision to have been improperly redacted.

13.     The redactions upheld by OHA are also improper, and Defendant should restore the redacted information and produce it to Plaintiff.

14.     Plaintiff has a statutory right to the requested records, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

## Demand for Relief

WHEREFORE, Plaintiff requests that this Court:

1.      Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

2.      Order Defendant to make the requested records available to Plaintiff;

3.      Award Plaintiff its costs and reasonable attorneys' fees in this action; and

4.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


_____/S/_____
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

August 13, 2015